**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORI GROHOL, individually and on behalf of others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>NORTH PENN LEGAL SERVICES, et al.,<br>Defendants. | No. 5:26-cv-08310-CH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

North Penn Legal Services, Inc., by and through its counsel, McNees Wallace & Nurick LLC, respectfully submits the following Memorandum of Law in Support of Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement pursuant to Rules 12(b) and 12(e).

## I. Preliminary Statement

This action is an example of impermissible pleading that disregards the fundamental requirements of the Federal Rules of Civil Procedure. On October 29, 2026, Plaintiff Lori Grohol, through her counsel, Paige Martineau, filed a 970-page Complaint, styled as a class action, against 62 named defendants and numerous Doe defendants. (Doc. 1). Within days, Plaintiff added more than 24,000 pages of exhibits through 2 motions, including more than 12,000 pages of separately prepared complaints that

she offers as an alternative to the Complaint itself. (Docs. 6, 6-1 through 6-5, 7, 7-1). The Complaint incorporates a 651-count inventory of causes of action and improperly weaves legal argument, evidence, and exhibits directly into the body of the pleading.

These submissions violate Federal Rule of Civil Procedure 8(a)(2), which mandates a "short and plain statement of the claim," and Rule 8(d)(1), which requires allegations to be "simple, concise, and direct." By lumping dozens of defendants together across a 970-page Complaint and more than 24,000 pages of exhibits filled with mixed facts, evidentiary submissions, and legal conclusions, Plaintiff deprives Defendant North Penn Legal Services, Inc. ("North Penn") of fair notice of the specific claims against it.

Neither the Court nor North Penn are required to sift through thousands of pages of chaotic allegations and attachments to speculate about potential liability. Accordingly, the Complaint should be dismissed under Rules 8 and 12(b)(6), with leave to file an amended complaint within 28 days. In the alternative, the Court should grant relief under Rule 12(e) and order Plaintiff to serve a more definite statement within 14 days.

## II. Background

On October 29, 2026, Attorney Martineau initiated this litigation by filing a 970-page Complaint on behalf of Lori Grohol, "individually and on behalf of

all others similarly situated."[1] (Doc. 1). The Complaint names 62 defendants, along with "Does 1-100," although its RICO counts are directed at "Doe Defendants 1 through 200." (*Id.* at 1-3, 701). Plaintiff is a former North Penn client whose claims against North Penn arise from a Northumberland County replevin action in which North Penn represented her beginning in late 2019.[2] (*Id.* ¶¶ 592-646).

Within 3 days of filing the Complaint, Plaintiff filed a motion opposing sua sponte dismissal that no party or the Court had sought, supported by 17,344 pages of exhibits, and an emergency motion for a temporary restraining order against North Penn, supported by a 7,229-page exhibit. (Docs. 6, 6-1 through 6-5, 7, 7-1).

Previously, Attorney Martineau brought a 63-count complaint on behalf of herself and her organization in the Middle District against 19 defendants

---

[1] Attorney Martineau also represents her organization, Susquehanna Legal Aid for Adults and Youth, Inc., in a related action in this District, *Susquehanna Legal Aid for Adults and Youth, Inc. v. Bucknell University, et al.*, No. 5:26-cv-07180 (E.D. Pa.). Plaintiff has incorporated by reference into this action a 7,229-page request for injunctive relief against North Penn that the organization filed in that case. (Doc. 7 ¶ 12, Doc. 7-1).

[2] The Complaint is brought "individually and on behalf of all others similarly situated" and requests certification under Rule 23, indicating intent as a class action complaint. (Doc. 1 at 1, 957). Plaintiff's counsel also represents that she has prepared causes of action for other clients, including Hoagland and Hoover in the Middle District of Pennsylvania and Robinson and Robbins in this District, and she has filed sets of ten complaints prepared for Robinson and Hoover as exhibits in this action. (Doc. 6 ¶¶ 11, 15; Docs. 6-4, 6-5).

on October 3, 2025, which that Court dismissed on October 15, 2025.[3] The claims in all of these actions, past and present, arise primarily from Attorney Martineau's former employment with North Penn, which ended in December 2021, and her resulting disputes with other parties in north-central Pennsylvania.

The present Complaint represents an extraordinary departure from standard pleading practices. Plaintiff brings this action against 62 named defendants, including North Penn, the American Bar Association, the Pennsylvania General Assembly, the Supreme Court of Pennsylvania, the United States Congress, the United States Court of Appeals for the Third Circuit, 2 sitting federal judges, and the United States District Court for the Middle District of Pennsylvania, among others. (Doc. 1 at 1-3).

The Complaint incorporates by reference a "651-count inventory" of causes of action, ranging from common-law contract and tort claims to federal antitrust and civil RICO claims, along with a separate series of declaratory-judgment claims labeled "Causes of Action A1-AX." (*Id.* at 3, 141, 701-05). The Complaint advances legal theories without support in the law, including that "[j]udge-made law is illegal," that courtroom decorum rules and

[3] *Paige Martineau, et al. v. American Bar Association, et al.,* 4:25-cv-01848 (MD Pa).

Rule of Professional Conduct 4.2 are unconstitutional, that judicial immunity and other "judge-made barriers" cannot be enforced, and that courts may not rely upon "case law, precedent, [or] stare decisis" as binding law. (*Id.* ¶¶ 19-23, 220-21, 3385).

The filings overlap heavily with one another. The Complaint states that "[t]he previously filed complaint follows below," and each count incorporates "all other paragraphs, the full timeline attached to this Complaint," and 1 or more counts from the separate 651-count inventory. (*Id.* at 3, 141). Rather than providing concise factual statements, the Complaint contains a rapidly shifting mix of factual assertions, legal argument, historical commentary, and case citations. (*See, e.g.*, *id.* ¶¶ 19-42).

Plaintiff then filed more than 24,000 additional pages, including 12,795 pages of separately prepared complaints, a 1,249-page "short" combined complaint, 892 pages of motions organized by defendant, 2 sets of 10 complaints prepared for other clients, and a 7,229-page injunction request incorporated by reference form SLAAY's separate action. (Docs. 6-1 through 6-5; Doc. 7 ¶ 7-1).

The Complaint fails to delineate which counts or underlying facts apply to North Penn as opposed to its dozens of co-defendants. Plaintiff's own filings disagree on this point: 1 motion describes the claims against North

Penn as Counts 1 and 2, while another asserts that the Complaint brings "Counts 3 through 20" and "Counts 22 through 28" against North Penn. (Doc. 7 ¶ 11; Doc. 35 ¶¶ 42-42). North Penn is also named, alongside dozens of courts, judges, counties, government agencies, and bar associations, in the Complaint's collective RICO counts. (Doc. 1 at 701-705, 778-80). Consequently, Plaintiff has not provided a short, plain, or direct statement of any claim, making it impossible to discern the factual basis of this lawsuit or to frame a responsive pleading.

## III. Statement of Questions Involved

**A. Whether this Court should grant Defendant's Motion to Dismiss.**

**Suggested Answer: Yes.**

**B. Whether this Court should grant, in the alternative, Defendant's Motion for a More Definite Statement.**

**Suggested Answer: Yes.**

## IV. IV. Argument

### A. Standards of Review.

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the complaint's well-pleaded factual allegations as true, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "[f]actual allegations must be enough

to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion "must point out the defects complained of and the details desired." Although such motions are disfavored, they are proper in "the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Wadhwa v. Sec'y, Dep't of Veterans Affs.*, 505 F. App'x 209, 214 (3d Cir. 2012) (per curiam) (quoting *Schaedler v. Reading Eagle Publ'n Inc.*, 370 F.2d 795, 798 (3d Cir. 1967)).

**B. Rule 8 Pleading Requirements.**

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Although some pleadings will naturally

be longer and more complex than others, every pleading in federal court must comply with these basic requirements. *See Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019).

Complaints that assert numerous claims against numerous defendants often earn the moniker "shotgun pleadings." A complaint qualifies as a shotgun pleading when the plaintiff brings "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Jefferson v. Abbington Jefferson Hosp.*, No. 24-CV-4762, 2025 WL 1194479, at *2 (E.D. Pa. Apr. 24, 2025) (citing *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021). Courts regularly dismiss shotgun pleadings. *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017).

The fundamental purpose of Rule 8 is to give the opposing party fair notice of the claims asserted against it and the factual grounds on which those claims rest. *See Twombly*, 550 U.S. at 555; *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Compliance with Rule 8 ensures that defendants can meaningfully frame an answer or file an appropriate motion under Rule 12, while protecting the Federal Rules' emphasis on "clarity and brevity." *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996).

A complaint that is rambling and largely unintelligible fails to satisfy the "short and plain statement" requirement. *See Rhett v. N.J. State Superior Ct.*, 260 F. App'x 513, 515 (3d Cir. 2008). Neither the court nor opposing counsel is required to wade through redundant assertions, unorganized evidence, or speculative narratives to distill potential causes of action.

**C. The Complaint Should be Dismissed Under Rules 8 and 12(b)(6).**

When confronted with an initial complaint that is of "unwieldy length" and is also "largely unintelligible," courts have treated dismissal without prejudice, with leave to amend, as an appropriate initial remedy. *See Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). Furthermore, Rule 8 dismissal is likewise proper for complaints leaving "the defendants having to guess what of the many things discussed constituted [a cause of action.]" *Binsack v. Lackawanna County Prison*, 438 F. App'x 158, 160 (3d Cir. 2011).

Here, Plaintiff's 970-page Complaint incorporates a 651-count inventory against 62 named defendants and as many as 200 Doe defendants. On top of the Complaint, Plaintiff's counsel filed more than 24,000 pages of exhibits within days, including more than 12,000 pages of separately prepared complaints. The Complaint also weaves legal argument and evidentiary material directly into the body of the pleading and

incorporates by reference its predecessor Middle District complaint, an attached timeline, and a separate cause-of-action inventory. Even Plaintiff's own motions cannot agree on which counts are asserted against North Penn.

This is the quintessential shotgun pleading. Each defendant is left to guess which of the multitude of counts, pages, and attachments are meant to apply to it. Neither a defendant nor the court should be forced to navigate a labyrinth to identify a viable claim. Dismissal without prejudice under Rules 8 and 12(b)(6), with leave to file an amended complaint within 28 days, is warranted.

**D. Alternative Request for a More Definite Statement under Rule 12(e).**

If the Court declines to dismiss this action, North Penn alternatively moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Here, Plaintiffs' 14,476-page submissions render it impossible for North Penn to frame an answer or assert applicable defenses. Sifting through the overwhelming deluge of information to guess liability imposes an insurmountable procedural burden. Accordingly, if the Complaints are not dismissed, Plaintiffs should be ordered to file and serve a more definite statement within 14 days that identifies each claim asserted against North Penn and the facts supporting it.

## V. Conclusion

For the foregoing reasons, Defendant North Penn Legal Services, Inc. respectfully requests that the Court grant its Motion and dismiss the Complaints without prejudice under Rules 8 and 12(b)(6), with leave to file an amended complaint within 28 days, or, in the alternative, order Plaintiffs to file a more definite statement under Rule 12(e) within 14 days.

**McNEES WALLACE & NURICK LLC**

By: *<u>/s/ Schaun D. Henry</u>*

Schaun D. Henry (PA 80597)
Josiah A. Montgomery (PA 340083)
100 Pine Street, P. O. Box 1166
Harrisburg, PA 17108-1166
Tel: (717) 232-8000
Fax: (717) 237-5300
Schaun.Henry@mcneeslaw.com
Josiah.Montgomery@mcneeslaw.com

Date: November 25, 2026

*Attorneys for Defendant North Penn Legal Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this date, I served the foregoing document by Notice of Docket Activity sent automatically by CM/ECF upon counsel who are registered as CM/ECF filing users who have consented to accepting electronic service through CM/ECF.

**McNEES WALLACE & NURICK LLC**

By: */s/ Schaun D. Henry*

Schaun D. Henry (PA 80597)
Josiah A. Montgomery (PA 340083)
100 Pine Street, P. O. Box 1166
Harrisburg, PA 17108-1166
Tel: (717) 232-8000
Fax: (717) 237-5300
Schaun.Henry@mcneeslaw.com
Josiah.Montgomery@mcneeslaw.com

Date: November 25, 2026

*Attorneys for Defendant North Penn Legal Services, Inc.*